IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN I., MARK I. AND JILL I.      :       CIVIL ACTION

             :

          v.             :

             :

CENTRAL BUCKS SCHOOL DISTRICT    :       NO.  08-571

## ORDER-MEMORANDUM

**AND NOW**, this 26th day of March, 2009, upon consideration of Defendant's "Motion for Certification of Interlocutory Appeal" (Docket No. 18), and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and the following issue is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> Whether the statute of limitations under the Individuals with Disabilities Education Act, as amended by the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1415(f)(3)(C), applies retroactively to Plaintiffs' claims for compensatory education for the time period beginning with the 1997-98 school year and concluding on May 1, 2005.

**IT IS FURTHER ORDERED** that the portion of our February 18, 2009 Order remanding this action to the Pennsylvania Special Education Hearing Officer for determination of Steven I.'s entitlement to compensatory education from the 1997-98 school year through May 1, 2005, is **STAYED** until the United States Court of Appeals for the Third Circuit rules on Defendant's interlocutory appeal.[1]

---

[1]Our February 18, 2009 Order remanded this action to the Pennsylvania Special Education Due Process Appeals Review Panel.  On March 10, 2009, we granted Plaintiffs' Motion to Amend or Correct Judgment and amended that Order to remand this matter to the Pennsylvania Special Education Hearing Officer.

I.       BACKGROUND

Steven I., a student with learning disabilities, and his parents, Mark I. and Jill I., have brought this action against the Central Bucks School District (the "School District").  Plaintiffs seek compensatory education for the time period beginning with the 1997-98 school year through the present day due to the School District's failure to provide Steven with a free appropriate public education pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Plaintiffs appealed the decision of the Pennsylvania Special Education Appeals Review Panel, affirming the decision of the Special Education Hearing Officer (the "Hearing Officer"), who denied their claim.  The Hearing Officer found that the two-year statute of limitations in the Individuals with Disabilities Education Improvement Act (the "IDEIA"), 20 U.S.C. § 1415(f)(3)(C), limited their claim to the time period beginning on May 1, 2005, and found that the School District had lawfully graduated Steven on June 17, 2005.  The parties filed cross-motions for summary judgment with respect to the following issues: (1) whether the IDEIA's two-year statute of limitations applies to Plaintiffs' claim for compensatory education, and (2) whether Steven was lawfully graduated from high school on June 17, 2005.  We found that the IDEIA's two-year statute of limitations did not apply to Plaintiffs' claims for compensatory education that arose prior to the effective date of that statute (July 1, 2005) and that Steven was lawfully graduated from high school.  We ordered that  this action be remanded to the Hearing Officer to determine:   1) the entitlement, if any, of Steven I. to compensatory education from the 1997-98 school year until May 1, 2005, and 2) the nature and amount of any such compensatory education award.

II.     DISCUSSION

Defendant has asked that we certify for interlocutory appeal the issue of the applicability of the IDEIA's statute of limitations to Plaintiffs' claims for compensatory education which arose prior to May 1, 2005.  Under 28 U.S.C. § 1292(b), an otherwise non-appealable order may be certified for immediate interlocutory appeal where:   "[1] such order involves a controlling question of law[,] as to which [2] there is substantial ground for difference of opinion[,] and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).   "The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court."  Fox v. Horn, Civ. A. No. 98-5299, 2000 U.S. Dist. LEXIS 3106, at *3 (E.D. Pa. Mar. 13, 2000) (citation omitted).  Certification is only appropriate in "exceptional" cases. Thornbury Noble, Ltd. v. Thornbury Twp., Civ. A. No. 99-6460, 2002 U.S. Dist. LEXIS 4698, at *60 (E.D. Pa. Mar. 20, 2002) (citing Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa. 1993)).

In exercising our discretion, "we must be mindful of the strong policy against piecemeal appeals." Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 321 (E.D. Pa. 1994) (citing Piazza, 836 F. Supp. at 270). Moreover, in evaluating these factors, "the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." Kerrigan v. Phila. Bd. of Election, Civ. A. No. 07-687, 2008 U.S. Dist. LEXIS 6734, at *7 (E.D. Pa. Sept. 5, 2008) (quoting Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983)). Rather, the party seeking certification "has the burden of establishing that exceptional circumstances warrant departure from the general policy against piecemeal litigation and in favor of postponing appellate review until after the entry of final judgment."  Weaver v. Mobile Diagnostech, Inc., Civ.

A. No. 02-1719, 2007 U.S. Dist. LEXIS 63409, at *5-6 (W.D. Pa. Aug. 28, 2007).

"The Third Circuit Court of Appeals has held that [a] 'controlling question of law' is one . . . which either:  (1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)).  The statute of limitations issue in this case is clearly a controlling issue of law.  If the Third Circuit finds that the two-year statute of limitations applies to Plaintiffs' claim for compensatory education, our order granting summary judgment to Plaintiffs will be reversed and Plaintiffs' remaining claim will be terminated, thus concluding this matter.  See id. ("The preemption issue here is undoubtedly a controlling question of law. If the Third Circuit were to disagree with this Court's ruling, the summary judgment order would be reversed and Plaintiffs' remaining claims would be foreclosed.").

"There is a 'substantial ground for difference of opinion' about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" Id. (quoting McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)).  This requirement is met "when there is genuine doubt or conflicting precedent as to the correct legal standard." Bradburn Parent Teacher Store, Inc. v. 3M, Civ. A. No. 02-7676, 2005 U.S. Dist. LEXIS 15815, at *12 (E.D. Pa. Aug. 2, 2005) (citing P. Schoenfeld Asset Mgmt. LLC. v. Cendant Corp., 161 F. Supp. 2d 355, 360 (D.N.J. 2001) and FDIC v. Parkway Executive Office Ctr., Civ. A. Nos. 96-121, 96-122, 1997 U.S. Dist. LEXIS 14929, at *7-8 (E.D. Pa. Sept. 24, 1997)).  The Third Circuit has not yet decided the issue of whether the two-year statute of limitations applies to claims for compensatory education that arose prior to May 2005, although the issue is presently before that court.  See P.P.

4

v. West Chester Area Sch. Dist., C.A. No. 08-2874 (3d Cir.).   Moreover, there is conflicting precedent with respect to this issue.   Two of our esteemed colleagues in this judicial district have issued opinions in the last calendar year finding that the two-year statute of limitations applies to claims for compensatory education that arose prior to the effective date of the IDEIA.   See P. P. v. West Chester Area Sch. Dist., 557 F. Supp. 2d 648, 660 (E.D. Pa. 2008) (determining that the two-year statute of limitations provided by the IDEIA applied to P.P.'s claims for compensatory education because plaintiffs requested their due process hearing after the effective date of the IDEIA); Evan H. v. Unionville-Chadds Ford Sch. Dist., Civ. A. No. 07-4990, 2008 U.S. Dist. LEXIS 91442, at *11 (E.D. Pa. Nov. 4, 2008) (determining that the application of the two-year statute of limitations to claims for compensatory education that accrued prior to the effective date of the IDEIA was not impermissibly retroactive).

When we determine whether "an immediate appeal would materially advance the ultimate termination of the litigation," we consider, among other factors, whether an immediate appeal may obviate the need for trial or other further proceedings.   Knipe, 583 F. Supp. 2d at 600 (citing Patrick v. Dell Fin. Svcs., 366 B.R. 378, 387 (M.D. Pa. 2007)).   We find that an immediate appeal would materially advance the ultimate termination of this litigation because, if the Third Circuit finds that the statute of limitations applies to Plaintiffs' claims for compensatory education, this action will be terminated and there will be no need to remand this matter for further proceedings by the Hearing Officer.

For the reasons stated above, we find that Defendant has satisfied its burden of "establishing that exceptional circumstances warrant departure from the general policy against piecemeal litigation."   Weaver, 2007 U.S. Dist. LEXIS 63409, at *5.   We conclude, accordingly, that certification of an interlocutory appeal limited to the application of the two-year statute of limitations

to Plaintiffs' claim for compensatory education for the time period beginning with the 1997-98 school year and concluding on May 1, 2005, is appropriate in this case.

BY THE COURT:


/s/ John R. Padova

John R. Padova, J.